O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No. EDCV 08-143-VAP (JCRx) |
| Petitioner, | ) ) | **[Motion filed on MAY 16, 2008]** |
| v. | ) ) | **ORDER GRANTING MOTION TO** |
| BLAIR C. HANLOH, | ) ) | **HOLD RESPONDENT IN CIVIL** |
| Respondent. | ) ) | **CONTEMPT** |
| _____ | ) | |

Petitioner's Motion to Hold Respondent in Civil Contempt came before the Court for hearing on June 23, 2008.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel and Respondent Hanloh at the hearing, the Court GRANTS Petitioner's Motion to Hold Respondent in Civil Contempt.

**I. BACKGROUND**

On February 4, 2008, Petitioner the United States filed a Petition to Enforce IRS Summons against

1   Respondent Blair C. Hanloh.  On February 5, 2008, the

2   Court ordered Respondent to show cause why the Court

3   should not compel him to comply with the IRS summons

4   served on him on August 3, 2008.  Respondent did not

5   respond to the Order to Show Cause.  (See Amended Minutes

6   of In Chambers Order Granting Petition, filed April 11,

7   2008, at 2 (explaining that Respondent's April 1, 2008

8   filing was untimely and was not responsive to the OSC).)

9

10      On April 11, 2008, the Court granted the Petition to

11   Enforce IRS Summons, and ordered Respondent

12              to appear before Revenue [Officer] D.J.
             Wimmer or any other IRS officer or
13           employee, at a time and place to be
             determined by that IRS official, to give
14           testimony and produce the books, records,
             papers, and other date requested by the
15           IRS summons served on him on August 3,
             2007, for examination and copying.
16
17   (Id. at 2.)

18

19      On May 16, 2008, Petitioner filed this Motion to Hold

20   Respondent in Civil Contempt and Impose Sanctions

21   ("Mot.").  Petitioner alleges that Respondent has failed

22   to comply with the Court's April 11, 2008 Order ("the

23   April 11 Order"), and seeks an order imprisoning

24   Respondent until he complies.  Respondent did not file an

     Opposition to the Motion for Contempt.
25
     ///
26
     ///
27
     ///
28

                                    2

1

## II. CONTEMPT

2    **A.    Legal Standard**

3        A party seeking a finding of civil contempt "has the

4    burden of showing by clear and convincing evidence that

5    the contemnors violated a specific and definite order of

6    the court. The burden then shifts to the contemnors to

7    demonstrate why they were unable to comply." F.T.C. v.

8    Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)

9    (quoting Stone v. City and County of San Francisco, 968

10   F.2d 850, 856 n. 9 (9th Cir. 1992) (citations omitted)).

11   Thus, Petitioner must show more than "merely a

12   preponderance of the evidence," see U.S. v. Ayres, 166

13   F.3d 991, 994 (9th Cir. 1999) (quoting In re Dual-Deck

14   Video Cassette Recorder Antitrust Litig., 10 F.3d 693,

15   695 (9th Cir. 1993)), but the standard is "less stringent

16   than beyond a reasonable doubt."  Balla v. Idaho State

17   Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989)

18   (citing United States v. Powers, 629 F.2d 619, 626 n. 6

19   (9th Cir. 1980)).

20

21       The decision to hold a party in contempt of a court

22   order rests with the sound discretion of the trial court.

23   Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d

24   1001, 1022 (9th Cir. 1985).  A court will not find a

25   party in contempt when the party has taken all reasonable

26   steps to comply with the court's order, so "[s]ubstantial

27   compliance with the court order is a defense to civil

28

1  contempt, and is not vitiated by a few technical

2  violations where every reasonable effort has been made to

3  comply."  In re Dual-Deck Video Cassette Recorder Anti-

4  Trust Litigation, 10 F.3d 693, 695 (9th Cir. 1993)

5  (internal quotations omitted).

6

7  **B.  Discussion**

8       Here, Petitioner has shown by clear and convincing

9  evidence that Respondent violated the April 11 Order.

10 Petitioner provides evidence that on April 14, 2008, it

11 sent a letter asking Respondent to meet with Revenue

12 Officer D.J. Wimmer on April 21, 2008.  (Makarewicz Decl.

13 ¶ 6; Mot. Ex. D, Letter to Hanloh.)  Respondent appeared

14 before Officer Wimmer on April 21, 2008, and April 23,

15 2008, but failed to produce the documents sought by the

16 August 3, 2007 summons.  (Wimmer Decl. ¶ 14-15.)  At the

17 April 23, 2008 meeting, instead of responding to Officer

18 Wimmer's queries about the summonsed information,

19 Respondent read out loud the summons, sections of 26

20 U.S.C. § 7605, and Officer Wimmer's declaration in

21 support of the Petition to Enforce Summons.  (Wimmer

22 Decl. ¶ 15.)

23

24      Petitioner having established that Respondent

25 violated the April 11 Order, the burden shifts to

26 Respondent to show why he was unable to comply.

27 Affordable Media, 179 F.3d at 1239.  Here, Respondent has

28

1  filed no Opposition to the Motion for Contempt and has

2  made no showing of why he was unable to comply with the

3  April 11 Order.   Accordingly, the Court finds Respondent

4  is in contempt of the April 11 Order.

5

6                    **III. SANCTIONS**

7  **A.   Legal Standard**

8       A court may punish civil contempt by fine,

9  imprisonment, or both, at its discretion.  18 U.S.C. §

10 401.  "Sanctions for civil contempt may be imposed to

11 coerce obedience to a court order, or to compensate the

12 party pursuing the contempt action for injuries resulting

13 from the contemptuous behavior, or both."  <u>Federal Trade

14 Com'n v. Gill</u>, 183 F. Supp. 2d 1171, 1180 (C.D. Cal.

15 2001) (citing <u>United States v. United Mine Workers</u>, 330

16 U.S. 258, 303-04 (1947)).  In deciding the proper extent

17 of a coercive sanction, the court should consider the

18 "character and magnitude of the harm threatened by

19 continued [defiance of the court's authority], and the

20 probable effectiveness of any suggested sanction."  <u>Id.</u>

21 (quoting <u>United Mine Workers</u>, 330 U.S. at 304).

22

23      Courts have the power to impose a conditional period

24 of imprisonment for the purpose of coercing obedience to

25 a valid order.  <u>Uphaus v. Wyman</u>, 360 U.S. 72, 81 (1959).

26 Specifically, "if the district court orders [an IRS

27 summons] enforced and the taxpayer still refuses to

28

1  comply, contempt proceedings with the possibility of
2  imprisonment conditioned upon disclosure are warranted."
3  <u>U.S. v. Riewe</u>, 676 F.2d 418, 421 (10th Cir. 1982).  Thus,
4  where a respondent has failed to obey a court order
5  enforcing an IRS summons, Courts may imprison the
6  respondent until the respondent obeys with the order.
7  <u>See</u>, <u>e.g.</u>, <u>U.S. v. Rose</u>, 437 F. Supp. 2d 1166, 1174 (S.D.
8  Cal. 2006) (ordering as a sanction for civil contempt of
9  a court order enforcing an IRS summons that the
10 respondent be "held in coercive confinement until such
11 time as she purges this order of contempt by complying
12 with the . . . order").
13
14 **B.  Discussion**
15      Here, Respondent repeatedly has refused to comply
16 with the IRS summons and with the Court's Order enforcing
17 the IRS summons, and repeatedly has questioned the
18 authority of the Court and the IRS.  Officer Wimmer
19 served the summons on Respondent on August 3, 2007,
20 directing him to appear and produce certain records on
21 August 14, 2007.  (Wimmer Decl. ¶¶ 4-5.)  Respondent did
22 not appear or produce the records on August 14, 2007.
23 (<u>Id.</u> ¶ 6.)  Following a letter from Petitioner's counsel,
24 Respondent appeared on September 25, 2007, but requested
25 an extension of time to provide the information requested
26 in the summons.  (<u>Id.</u> ¶ 8.)  Another meeting was
27 scheduled for October 2, 2007.  (<u>Id.</u>)
28

1    Then, on September 28, 2007, Respondent sent a letter
2    questioning Officer Wimmer's authority to issue the
3    summons.  (<u>Id.</u> ¶ 9.)  Respondent failed to appear for the
4    October 2, 2008 meeting.  (<u>Id.</u> ¶ 10.)  He sent another
5    letter on October 9, 2007, asserting that the IRS has no
6    power to issue summonses.  (<u>Id.</u> ¶ 11.)

7

8    On February 5, 2008, the Court ordered Respondent to
9    show cause why the Court should not compel him to comply
10   with the IRS summons served on him on August 3, 2007.
11   Respondent was ordered to file a written response raising
12   any issues or defenses to be considered at the hearing on
13   the OSC.  That response was due on March 10, 2008. (<u>See</u>
14   April 11 Order at 1.)  Respondent did not respond to the
15   Order to Show Cause, and thus failed to comply with the
16   Court's February 5, 2008 Order.

17

18   On April 1, 2008, Respondent filed a "Special
19   Appearance for the Purpose of Determining the Nature and
20   Cause of this Proceeding Under 5th Amendment to the
21   Constitution of the United States of America," etc.,
22   arguing, among other things, that Officer Wimmer had no
23   authority to issue a summons.  (<u>See</u>, Special Appearance,
24   filed April 1, 2008 ¶ 20.)

25

26   After the Court enforced the summons and ordered
27   Respondent to appear before Officer Wimmer, Respondent
28

7

1  wrote a letter asserting that there is "nothing that
2  compels [him] to acknowledge" the Order.  (Makarewicz
3  Decl. ¶ 7.)  When Respondent finally appeared before
4  Officer Wimmer on April 21 and 23, 2008, he again failed
5  to produce the summonsed records, refused to answer
6  questions, and obstructed the meeting by reading aloud
7  the summons, sections of 26 U.S.C. § 7605, and Officer
8  Wimmer's Declaration in support of the Petition to
9  Enforce Summons.  (Wimmer Decl. ¶ 15.)
10
11       Considering "the character and magnitude of the harm
12  threatened by continued [defiance of the Court's
13  authority]," United Mine Workers, 330 U.S. at 304,
14  Respondent's repeated refusals to comply with a lawful
15  IRS summons threatens the essential government function
16  of collection of revenue.  Considering "the probable
17  effectiveness of any suggested sanction," id., in light
18  of Respondent's continued refusal to acknowledge the
19  lawful authority of the IRS and his repeated disobedience
20  of Court orders, a sanction of imprisonment may be
21  required to coerce Respondent's obedience.
22
23       At the hearing on this matter, however, Respondent
24  represented to the Court that he was prepared to fully
25  comply with the Court's orders forthwith.  Accordingly,
26  the Court sanctions Defendant by a fine and continues
27  this matter until June 25, 2008.  If Respondent has not
28

1  complied with the Court's orders on or before June 25,

2  2008, the Court will consider imposing further sanctions,

3  including imprisonment.

4

5                    **IV. CONCLUSION**

6      For the foregoing reasons, the Court GRANTS

7  Petitioner's Motion to Hold Respondent in Civil Contempt

8  and Impose Sanctions.  The Court finds Respondent in

9  civil contempt of the Court's order of April 11, 2008.

10 As a sanction for his contempt, Respondent shall pay

11 a fine to the clerk of the Court in an amount starting at

12 $250 if he remains noncompliant on June 24, 2008, and

13 doubling each day following June 24, 2008,[1] until such

14 time as he purges this order of contempt by complying

15 with the Court's April 11, 2008 Order directing him to

16 produce to Petitioner "the books, records, papers, and

17 other data requested by the IRS summons served on him on

18 August 3, 2007, for examination and copying."

19

20     This matter is continued to June 25, 2008 at 4:30

21 p.m. for the parties' status report and further

22 sanctions, if warranted.

23

24 Dated:  June 23, 2008            _Virginia A. Phillips_

25                                 VIRGINIA A. PHILLIPS
                                   United States District Judge

26 _____

27     [1]For example, if Respondent remains noncomplaint on
   June 25, 2008, his fine increases to $500.  If he remains
28 noncomplaint on June 26, 2008, it increases to $1,000.

                            9